Fremont-Smith, Thayer, J.
On March 24, 2010 I allowed plaintiffs motion for a preliminary injunction against defendant’s award of a contract to B&B Leasing Corp., Inc. (“B&B”) because B&B had been involuntarily dissolved as a corporation by the secretary of state on May 31, 2007 and had not been reinstated at the time of was awarded the contract and therefore could not, at that time, legally carry on any business, pursuant to M.G.L.c. 156D, §14.21(c). Defendant Auburn Water District now moves for reconsideration, pointing out that B&B was reinstated by the Secretary of State on March 12, 2010, and that G.L.c. 156D, § 14.22(c) provides:
The reinstatement relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred, with all its original powers and duties and with liability, for all contracts, acts, matters and things made, done or performed in its name and on its behalf prior to reinstatement, as if the administrative dissolution had never occurred, and with all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, standing ratified and confirmed, in each case except as otherwise specified by the secretary of state.
Auburn Golf, however, argues that while §14.22(c) legitimizes B&B’s actions in submitting the bid for the contract, M.G.L.c. 30B sets forth the Water District’s obligations in awarding a public contract.
M.G.L.c. 30B, §5(9) provides:
The procurement officer shall award the contract to the lowest responsible and responsive bidder. A contract requiring payment to the governmental body of a net monetary amount shall be awarded to the responsible and responsive bidder. The procurement officer shall award the contract by written notice to the selected bidder within the time for acceptance specified in the invitation for bids.
Thus, c. 30B would seem to require that B&B have been a “responsible and responsive bidder” at the time of the award.
Although counsel for each side agreed there are no cases construing c. 156D together with c. 30B in circumstances similar to this case, the Court concludes that the plaintiff has shown a likelihood it can prove that, at the time of the contract award, B&B was not “a responsible and responsive bidder.”

ORDER

Accordingly, after hearing, Auburn Water District’s “Emergency Motion for Reconsideration” is denied,[1]

The parties agree that there is no reason defendant cannot now rebid the contract, and that B&B, if it is at such time, the “lowest responsible and responsive bidder,” maybe awarded the contract.